FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 24, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARIN W. MERCADO, an individual, | No.   4:14-CV-5071-SMJ |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| STEVEN HARRIS, ROBERT BENEFIELD, MICHAEL A. RUTH, JANE DOE RUTH, STEVEN M. BLY-RIGGIN, and JANE DOE BLY-RIGGIN, | |
| Defendants. | |

On March 31, 2016, the Court heard oral argument on the parties' cross motions for summary judgment: Defendants Harris and Benefield's Motion for Summary Judgment, ECF No. 25, and Plaintiff's Motion for Summary Judgment, ECF No. 30. Having reviewed the pleadings and the file in this matter, the Court is fully informed and enters the following order

This case involves a traffic stop that began in Washington and ended in Oregon. Walla Walla County received a 911 call reporting that Plaintiff Darin Mercado was driving erratically and believed to be under the influence of alcohol. Officers Steven Harris and Robert Benefield of the College Place Police

ORDER - 1

Department pursued Mercado in separate cars, with Harris approximately 2 minutes in front of Benefield. Harris began attempting to pull Mercado over while still in the State of Washington, but by the time Mercado stopped he was approximately 50 feet into the state of Oregon. Other officers arrived. Deputy Gerrod Martin of the Walla Walla County Sherriff's Department arrested Mercado, with assistance from other officers. Deputy Martin transported Mercado back to Washington. ECF No. ## at ¶ 84. No Oregon law enforcement was involved.

Mercado sued all officers involved under 18 U.S.C. § 1983. The elements of a § 1983 claim are: (1) whether the conduct complained of was committed by a person acting under color of state law and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Ketchum v. County of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987). Only the second element—whether the officers' actions deprived Mercado of rights secured by the Constitution or laws of the United States—is disputed.

The primary issue argued by the parties is whether Washington law enforcement had authority to follow Mercado, who they suspected of driving under the influence, into Oregon to arrest him. The Court finds that no such

authority exists.[1] But, as the Defendant officers point out, a violation of this part of ORS 133.430(1) is not a violation of a right guaranteed by the Constitution and laws of the United States. However, after arresting Mercado, Deputy Martin transported Mercado to the Walla Walla County Jail.  As Mercado argues, he was "transport[ed] back to Washington in violation of Oregon and federal law".  ECF No. 30 at 11.

The statute implementing the Extradition Clause requires a state seeking a fugitive that has fled to another state to produce documentation that the fugitive has been charged with a crime and requires the state in which the fugitive has fled to arrest that fugitive and deliver him to an agent of the demanding state.  18 U.S.C. § 3182. It is undisputed that no such procedure was followed. An officer violates the Extradition Clause and its implementing statute, 18 U.S.C. § 3182, when he or she pursues a traffic suspect into another state, arrests him, and transports him back across state lines without following the procedures laid out therein.  *See Draper v. Coombs*, 792 F.2d 915, 919-20 (9th Cir. 1986).

---

[1] Oregon law permits law enforcement "who enters this state in fresh pursuit, and continues within this state in such fresh pursuit, of a person in order to arrest the person on the ground that the person is believed to have committed a felony in the other state". ORS § 133.430(1). Officer Harris suspected Mercado was driving under the influence. Driving under the influence is a misdemeanor in Washington.  RCW 46.61.502(5).  The fact that driving under the influence is "treated as a felony for purposes of arrest" in Washington is irrelevant.  So too is the fact that Washington law permits out-of-state law enforcement to pursue a person suspected to have driven under the influence into Washington.  Washington law controls in Washington, not Oregon. Officer Harris pursued Mercado from Washington into Oregon on the ground that he believed he committed a misdemeanor—not a felony—in Washington. Under ORS § 133.430(1), he had no authority to do so.

ORDER - 3

The Defendant officers argue that even if their actions violated Mr. Mercado's rights, they are protected by qualified immunity.

The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015). A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Mullenix*, 136 S.Ct. at 308. Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Mullenix*, 136 S.Ct. at 308.

The question, then, is whether Mercado's transport from Oregon to Washington violated clearly established rights of which a reasonable person would have known. Plaintiff argues that the right was clearly established by *Draper v. Coombs*, 792 F.2d 915 (9th Cir. 1986).

In *Draper*, Washington state troopers pursued a man driving erratically from Washington into Oregon. Once the troopers pulled the driver over, they called the Portland police and waited for them to come. After the Portland officers arrived, the troopers arrested the driver and transported him back to Washington. The driver filed suit under 42 U.S.C. § 1983 against the state troopers and the Portland officers, among others. The district court found that the

claims against the troopers and Portland officers were legally sufficient but dismissed them anyway for other reasons.  The driver appealed. The 9th Circuit concluded that the driver's claims that the officers failed to follow extradition procedures required by the Oregon Uniform Act on Fresh Pursuit, Or. Rev. Stat. §§ 133.410–133.440, and the federal Extradition Clause and its implementing statute, 18 U.S.C. § 3182, were legally sufficient claims under 42 U.S.C. § 1983 and should not have been dismissed.

This case clearly establishes that the extradition procedures laid out in 18 U.S.C. § 3182 and the Oregon Uniform Act on Fresh Pursuit apply to officers who begin pursuing a driver in one state and arrest them in another state.  This case also permits a section 1983 claim to proceed against officers who were present but did not participate in the physical transport of the driver back to another state to be liable. Accordingly, Officers Harris and Benefield are not entitled to qualified immunity.

Because the Court concludes that the officers are liable to Mercado for violating his rights under the Extradition Clause and its implementing statute, the Court does not reach the other, alternative bases for liability argued in the briefing.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' Motion for Summary Judgment, **ECF No. 25**, is **DENIED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 30**, is **GRANTED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 24th day of June 2016.

SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2014\Mercado v   Walla Walla County-5071\ord cross sj lc1   2 docx

ORDER **- 6**